UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI CIVIL DIVISION

Franklin M. Parmer,

       Plaintiff,

v.                                                                                          Case No.:

Carnival Corporation,
A Foreign Corporation,

       Defendant.                         /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Franklin M. Parmer, sues Defendant, Carnival Corporation, for damages and alleges as follows:

### FACTS COMMON TO ALL COUNTS

1. Plaintiff is a citizen of New York and was a passenger aboard the CARNIVAL PARADISE for a multi-day cruise in April of 2018.

2. Defendant, Carnival Corporation, is a foreign corporation registered in Panama and is doing continuous and systematic business in the Southern District of Florida by operating seagoing vessels in Florida. Carnival's principal place of business is in Florida.

3. Defendant, Carnival Corporation, owned and operated the vessel CARNIVAL PARADISE. Defendant operated the vessel on a cruise from Tampa, Florida, to Mexico and the Cayman Islands.

4. Diversity Jurisdiction is proper under 28 U.S.C. § 1332. Jurisdiction is also proper under 28 U.S.C. § 1333.

5. Venue is proper under 28 U.S.C. § 1391, and also due to the forum selection clause contained within the Defendant's cruise ticket.

6. Plaintiff's claim has a value in excess of $75,000.00.

7. Plaintiff, Franklin M. Parmer, was a passenger aboard the CARNIVAL PARADISE ("the vessel") on April 16, 2018.

8. On April 16, 2018, the Plaintiff was walking on the uppermost deck of the ship, down a small ramp on an exterior area of the vessel.  As Plaintiff was walking and despite holding onto the available handrail, he slipped and fell.  The flooring of the ramp was wet and extremely slippery, which caused Plaintiff to fall.

9. There was no warning provided to the Plaintiff of the dangerous condition of the wet, slippery ramp.

10. As a result of falling due to the wet, slippery ramp, Plaintiff sustained injury to his low back, coccyx, and other parts of his body, all of which have required medical treatment and will continue to require medical treatment in the future.

## COUNT I - NEGLIGENCE

Plaintiff repeats and realleges paragraphs 1 through 10 and further alleges:

11. Defendant Carnival owed Plaintiff, as its passenger, the duty to act with reasonable care under the circumstances with regard to his safety while operating its cruise.  This duty included a duty to maintain the ship in a reasonably safe condition for its passengers, which includes keeping areas of the vessel's deck dry where the Defendant knows it can become unreasonably slippery when wet, and inspecting and maintaining the flooring in a reasonably safe condition with regard to slip resistance in areas it knows passengers will be walking.

12. The Defendant failed to use reasonable care with regard to controlling, maintaining, and inspecting the flooring on the uppermost deck of the vessel.

13. When Plaintiff was walking down the ramp in question, the ramp was wet and slippery. Despite holding onto the handrail, Plaintiff slipped and fell due to the unexpected, extremely slippery nature of the flooring.

14. The injuries sustained by the Plaintiff were caused by the Defendant's negligent failure to use reasonable care under the circumstances through the following actions and omissions:

   a. Failure to adequately maintain the slip resistance of flooring on the ramp in question;

   b. Failure to inspect the ramp with enough frequency to ensure the ramp was reasonably safe for passengers;

   c. Failure to act with reasonable care under the circumstances in keeping the ramp dry when knowing it can become unreasonably slippery and knowing it is a common walkway for passengers;

   d. Failure to conduct reasonable testing of the slip resistance of the ramp in question either during or prior to the cruise vacation to ensure the ramp maintained a proper, safe slip resistance and was reasonably safe for passenger use; and

   e. Failure to use reasonable care under the circumstances.

15. As a direct and proximate result of the Defendant's negligence, Plaintiff Franklin M. Parmer suffered injuries to his low back, coccyx, and other parts of his body, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of

capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.  Plaintiff also lost the value of the cruise and incurred other incidental expenses

WHEREFORE, Plaintiff, Franklin M. Parmer, prays for a judgment to be entered against the Defendant, Carnival Corporation, for compensatory damages in excess of $75,000.00 (Seventy-Five Thousand Dollars), including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

## COUNT II – FAILURE TO WARN

Plaintiff repeats and realleges paragraphs 1 through 10 and further alleges:

16. Defendant Carnival owed Plaintiff, as its passenger, the duty to act with reasonable care under the circumstances with regard to his safety while operating its cruise.

17. This duty includes the duty to warn passengers of dangerous conditions that it either knows or should know of in the exercise of reasonable care.

18. Prior to Plaintiff's injury, Defendant Carnival knew or should have known of the dangerous condition of the wet, slippery ramp both by reasonable inspection and by knowledge of other passengers having slipped and fallen on this area of the vessel.

19. Prior to Plaintiff's injury, Defendant knew of the dangerous condition of the ramp's unreasonably slippery nature, because its crew was resurfacing or

        otherwise conducting maintenance on the flooring of the ramp during the cruise vacation in question, after Plaintiff fell.

20. Prior to Plaintiff's fall, the Defendant also should have known of the dangerous condition both by making reasonable inspection of the ramp both during the cruise, and by conducting reasonable slip resistance testing during or prior to the cruise to ensure a proper, safe slip resistance was being maintained on the ramp in question.

21. Defendant failed to use reasonable care under the circumstances in operating its cruise by failing to warn the Plaintiff of the dangerous conditions of which it either knew or should have known.

22. The Plaintiff used caution while walking down the ramp by holding onto the handrail. Despite exercising caution for his own safety while walking, he was unaware of the extremely slippery nature of the ramp.

23. The dangerous condition was not open and obvious, because the extremely slippery nature of the ramp was not visible to Plaintiff as he was walking.

24. The injuries sustained by the Plaintiff were caused by the Defendant's negligent failure to use reasonable care under the circumstances through the following actions and omissions:

    a. Failing to warn Plaintiff of the known dangerous condition of the wet, slippery ramp;

    b. Failing to properly inspect the ramp during the cruise when knowing passengers would walk on the ramp during the cruise;

    c. Failing to maintain the ramp in a reasonably safe condition for passengers;

      d.      Failing to reasonably test the ramp's slip resistance when knowing it was a walkway used by passengers during the cruise, to test for maintenance of safe slip resistance; and

      e.      Failure to use reasonable care under the circumstances.

25. As a direct and proximate result of the Defendant's negligence, Plaintiff Franklin M. Parmer suffered injuries to his low back, coccyx, and other parts of his body, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff also lost the value of the cruise and incurred other incidental expenses

WHEREFORE, Plaintiff, Franklin M. Parmer, prays for a judgment to be entered against the Defendant, Carnival Corporation, for compensatory damages in excess of $75,000.00 (Seventy-Five Thousand Dollars), including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

Dated May 15, 2018.

                      /s/ *Catherine Saylor*
                      JACOB J. MUNCH
                      E-mail: sealaw@tampabay.rr.com
                      Florida Bar Number 376523
                      CATHERINE M. SAYLOR
                      E-mail: casey@munchandmunch.com
                      Florida Bar Number 115593
                      MUNCH and MUNCH, P.A.
                      600 South Magnolia Avenue – Suite 325
                      Tampa, Florida 33606
                      Ph: (813) 254-1557 / Fax: (813) 254-5172
                      *Attorneys for Plaintiff, Parmer*